COLONIAL KNITTING MILLS, INC., Plaintiff, *v.* HOSIERY MANU-
FACTURERS CORPORATION, Defendant.

Supreme Court, New York Special Term, April, 1923.

Practice — notice for admission of facts — partial compliance — motion
for full compliance denied.

Where plaintiff has served a written notice upon defendant calling for his admission
of certain specific facts mentioned therein, but the defendant complies only
to a certain extent not satisfactory to plaintiff and there is nothing in the case
that calls for action at the Special Term for Motions under section 323 of the
Civil Practice Act, a motion for an order directing full compliance with said
notice will be denied except that in view of the number and nature of the
admissions demanded in the notice to admit, the defendant's time to admit
or refuse to admit will be extended.

MOTION to compel defendant to admit certain facts.

*Newmark & Miller,* for plaintiff.

*Erwin, Fried & Czaki,* for defendant.

MULLAN, J. The plaintiff served upon the defendant a written
notice calling upon the defendant to admit certain specific facts
mentioned in the notice (Civ. Prac. Act, § 323); and the defendant
having complied to a certain extent not satisfactory to the plaintiff,
the plaintiff now moves for an order directing full compliance.
I am of the opinion that, speaking generally, no motion can be
made at Special Term for Motions under section 323 except (1)
for an extension of the time of the party receiving such notice to
comply therewith, or (2) for permission to amend or withdraw an
admission already made, or (3) for an order, in extreme and
unusual cases, that the general rule of section 323 should not,
because of peculiar circumstances, be applied. Except for slight
variations, the section in question is an enactment of rule 4 of Order
XXXII of the Rules of Practice of the Supreme Court of England.
See White, K. & S. An. Prac. 1922, 531. It seems to be the
practice in England to require the party receiving the " notice to
admit," as it is called there, to decide for himself whether he should
make the admissions demanded or take the risk of being compelled,
after the proofs are all in at the trial, to bear such expense as his
adversary might be put to in procuring the evidence necessitated
by the refusal to admit. *Crawford* v. *Chorley,* Wkly. Notes, 1883,
at 198, cited by White, K. & S., *supra,* 532, and in 23 Halsbury
Laws of England, 146. If that be the practice in England, where
the admirable and businesslike system obtains of governing the
preliminaries to a trial through trained and experienced masters,
who are really subordinate judges, how much more should it be

the general rule here where judges who sit in motion parts are already greatly overburdened. As soon as the bar shall have become familiar with this important innovation and its tremendous possibilities it is to be expected that notices to admit will be served in great numbers. Not only will the judges assigned to motion parts be unable to cope with the flood of disputes about notices to admit, but even if they had the time to pass upon the numberless questions that would constantly be presented to them, I do not see how they could pass upon most of such questions with any degree of fairness or intelligence, isolated as such questions would necessarily be from the whole body of fact to be adduced thereafter upon the trial. Apparently, however, although under both our statute and its English progenitor, the decision as to whether a refusal to admit was or was not reasonable is generally to be made after the proofs are in at the trial, a court or judge may, nevertheless, " at any time " make an order certifying that a demanded admission need not be made. This, presumably, is to take care of unusual situations where it would obviously be unjust to place a party upon whom a notice to admit was served at the hazard of guessing correctly as to what the result would be to him if he did not make a demanded admission. Such a case would, I think, be very rare, as judges were once practicing lawyers, familiar with the difficulties that attorneys must labor under in making a determination as to what they should admit, and what they should refuse to admit; and it is to be expected that the ultimate decision as to whether or not an admission should have been made will be governed by a desire upon the part of the judge who passes upon the matter to resolve every fairly doubtful question in favor of a refusal to admit that is ethically made. I see no occasion to fear that section 323 can be availed of unscrupulously, or in a spirit of terrorism, and it seems to me that the sound discretion of the justice who presides at the trial may be relied upon to settle with satisfaction any claims that the non-admitting party acted improperly in causing his adversary to procure proofs to take the place of admissions that were refused. There is nothing in the present case that calls for action at the Special Term for Motions in respect of admissions under section 323, except that I think that in view of the number and nature of the admissions demanded in the notice to admit the time of the defendant to admit or refuse to admit should be extended. Accordingly, I direct that the defendant's time in that regard be, and it hereby is, extended to May 10, 1923. In other respects the motion is denied. No costs.

Ordered accordingly.