PETER H. CORR, Plaintiff, *v.* GEORGE F. HOFFMAN and Another, Defendants.

Supreme Court, New York County, February 8, 1927.

Pleadings — admission pursuant to Civil Practice Act, § 323 — motion to strike out qualifications of admissions on ground that they are not responsive to plaintiff's call — qualification of admissions not responsive to call may be treated as neglect or refusal to admit — plaintiff has remedy under statute — court may not compel party to make or alter admissions.

The plaintiff, who, pursuant to section 323 of the Civil Practice Act, called upon the defendant to admit, for the purposes of the action herein, certain facts, may not strike out from the admissions made by defendant certain qualifications therein on the ground that they are not responsive to the call, for plaintiff's remedy, under the statute in the event admissions are not fully responsive, is to treat the qualifications as a neglect or refusal to admit, and thus entail upon the defaulting party the payment of the expenses necessary in proving such facts. The court may not compel a party to make or alter an admission although such party may seek permission to withdraw or amend an admission previously made.

MOTION by plaintiff to strike out certain qualifications from admissions of facts made by defendant, pursuant to section 323 of the Civil Practice Act.

*Conway, Kellogg & O'Brien,* for the plaintiff.

*Henry W. Hardon,* for the defendants.

LEVY, J. The plaintiff, prior to this motion, called upon defendant, pursuant to section 323 of the Civil Practice Act, to admit, for the purposes of this action, fourteen specific facts. Defendant has admitted these facts, with certain qualifications as to four of them. Plaintiff now moves to strike out from these admissions the qualifications recited, on the ground that they are irresponsive to the call. An admission of fact pursuant to such call is optional with the adverse party. If the refusal to admit is unreasonable, the statute provides an ample remedy in the shape of requiring the defaulting party to pay the expenses necessary in proving such facts, regardless of the outcome of the trial. A qualified admission of fact may, under particular circumstances, be treated as a neglect or refusal to comply; in which event the plaintiff is furnished specific redress as provided by the given section of the Civil Practice Act. In *Colonial Knitting Mills, Inc.,* v. *Hosiery Mfrs. Corp.* (120 Misc. 558) Mr. Justice MULLAN held that upon an unsatisfactory compliance of the adverse party with a call to admit facts, the court could not compel a fuller compliance.

There are two memoranda opinions by the Appellate Division

noting reversal of two orders in that case and the granting of the motions for the relief there sought. Shepard's New York Miscellaneous Citations, vol. X, No. 4, issue of December, 1926, reports one of these (207 App. Div. 804) as reversing 120 Miscellaneous, 558, but an examination of the records upon those appeals indicates that both deal with interlocutory orders entirely foreign to the one made by Mr. Justice MULLAN under section 323 of the Civil Practice Act. His decision was, therefore, not reversed, and a reading of the section convinces me of the soundness of the ruling there and leads me to the conclusion that the court may not compel a party to make or alter an admission, although the latter may seek permission to withdraw or amend such admission previously made. On the other hand, an admission with a qualification such as here presented may not be said to be fully responsive to the call and may be treated as a refusal to admit and thus leave plaintiff to his remedy.

The motion is denied.